[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10534
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-24226-FAM

JAKE KIVISTO,

Plaintiff-Appellant,

versus

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jake Kivisto, proceeding *pro se*, appeals the district court's grant of the National Football League Players Association's (NFLPA) motion to dismiss in his NFL Collective Bargaining Agreement (CBA) contract dispute under 29 U.S.C. §§ 158, 185, 187 and 28 U.S.C. §§ 2201, 2202. Kivisto claims the district court erred when it found his complaint was within the scope of an arbitration agreement he entered into with the NFLPA because there was no "clear and unmistakable evidence" he agreed to arbitrate the expiration of his agent certification, or that the certification expiration clause is valid under the CBA.[1] After review, we affirm the district court.[2]

"Employees claiming breach of a collective bargaining agreement . . . are bound by that agreement's terms providing a method for resolving disputes between them and their employer." *Mason v. Continental Group, Inc.*, 763 F.2d

---

[1]Kivisto makes several additional arguments regarding the scope of the arbitration clause found in § 5A(4) of the NFLPA Regulations. Specifically, he claims: (1) Section 5A(4) does not apply to the certification expiration clause, Agent Regulations § 2G, because § 2G is not a revocation or suspension within the meaning of the arbitration clause, (2) the arbitration clause concerns a suspension or revocation for cause, where as § 2G is not for cause, and (3) Section 5A(4) only applies to agent activities, whereas § 2G deals with agent inactivity. Additionally, Kivisto argues his arbitration appeal did not show consent to arbitrate the dispute, because he specifically reserved all of his rights in his arbitration brief, including his right to have the matters heard by a federal court. We find these claims lack merit and decline to address them here.

[2]We review a district court's interpretation of an agreement to arbitrate, and whether it binds parties to arbitrate de novo. *Mony Securities Corp. v. Bornstein*, 390 F.3d 1340, 1342 (11th Cir. 2004).

2

1219, 1222 (11th Cir. 1985). When an employee asserts an arbitrable grievance, but has not attempted to utilize the dispute resolution available to him under the agreement, his independent suit must be dismissed. *Id.*

The district court did not err in dismissing Kivisto's complaint. When Kivisto signed his Application for Certification as an NFLPA Contract Advisor, he agreed to abide by the arbitration procedures set forth in the NFLPA Regulations. Section 5(A)(4) of the NFLPA Regulations requires arbitration to be the exclusive method for resolving any and all disputes arising out of "any other activities of a Contract Advisor within the scope of these Regulations." The broad scope of § 5(A)(4) covers the revocation of Kivisto's agent certification under § 2G. Accordingly, the district court did not err in granting NFLPA's motion to dismiss.

**AFFIRMED.**[3]

---

[3]We note that after the district court entered its order, the NFLPA renounced its collective bargaining rights and no longer regulates NFL agents.